DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **CARMELA SUSINO on her own behalf and on behalf of the ESTATE OF DECEDENT LUCIANO SUSINO and all other statutory beneficiaries of DECEDENT LUCIANO SUSINO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**3M COMPANY f/k/a MINNESOTA MINING AND MANUFACTURING, et al.,**<br><br>**Defendants.** | Case No. 3:21-cv-0038 |

## ORDER

**BEFORE THE COURT** is the joint motion of Carmela Susino, on her own behalf and on behalf of the Estate of the Decedent, Luciano Susino and all other statutory beneficiaries of Decedent Luciano Susino ("Susino") and Defendant 3M Company, formerly known as Minnesota Mining & Manufacturing Company ("3M Company"), for dismissal of 3M Company. (ECF No. 100.) For the reasons stated below, the Court will grant this motion.

The parties bring this motion pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Fed. R. Civ. P. 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by *all parties who have appeared*." Fed. R. Civ. P. 41(a)(emphasis added).

The instant motion, which the Court construes as stipulation of dismissal, contains the signatures of both Susino and 3M Company but fails to include the remaining defendants. *See generally* ECF No. 100. Additionally, it was brought after 3M Company filed its answer. *See* ECF No. 6. As such, the Court may not grant the motion under Rule 41(a)(1).

However, actions that do not qualify for dismissal under Rule 41(a)(1) may be dismissed "by court order, on terms that the court considers proper" pursuant to Fed. R. Civ.

P. 41(a)(2). Fed. R. Civ. P. 41(a)(2); *see also Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018) ("In light of Rule 41(a)(1)'s inapplicability, Plaintiffs' counsel's 'Notice to Dismiss' properly falls within the scope of Rule 41(a)(2)"). Such dismissals lie "within the sound discretion of the court." *Citizens Sav. Asso. v. Franciscus*, 120 F.R.D. 22, 24 (M.D. Pa. 1988) (*citing Ferguson v. Eakle,* 492 F.2d 26, 28 (3d Cir. 1974)). Furthermore, "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (internal quotations omitted).

Here, the parties jointly filed the motion to dismiss and provided stipulations of dismissal themselves, namely that 3M company be dismissed "with prejudice with each party to bear his, her or its respective costs and attorney's fees." (ECF No. 100.) No other parties have objected to this motion, which was filed on August 16, 2021. Therefore, the Court finds no danger of prejudice, and will grant the motion to dismiss.

The premises considered, it is hereby

**ORDERED** that the joint motion of Plaintiff Susino and Defendant 3M Company to dismiss, ECF No. 100, is **GRANTED**; and it is further

**ORDERED** that Defendant 3M Company is **DISMISSED** from this matter.

**Dated:** March 18, 2022                                        */s/Robert A. Molloy*
                                                                 **ROBERT A. MOLLOY**
                                                                 **Chief Judge**