# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **CARMELA SUSINO** on her own behalf and on behalf of the **ESTATE OF DECEDENT LUCIANO SUSINO** and all other statutory beneficiaries of **DECEDENT LUCIANO SUSINO**,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>**AIR & LIQUID SYSTEMS CORPORATION** (sued individually and as successor-by-merger to BUFFALO PUMPS, INC.), a Pennsylvania Corporation with its principal place of business in the State of Pennsylvania; **A.W. CHESTERTON COMPANY**, a Delaware Corporation with its principal place of business in the State of Massachusetts; *CRANE CO.* (sued individually and as successor-in-interest as CHAPMAN VALVE CO.), a Delaware Corporation with its principal place of business in the State of Connecticut; **EAGLEBURGMANN INDUSTRIES INC.** (sued individually and as successor in-interest to BURGMANN PACKINGS AMERICA, INC. *f/k/a* BURGMANN SEALS AMERICA, INC., successor-in interest to BURGMANN SEALS AMERICA, INC.), a Delaware Corporation with its principal place of business in the State of Texas; **EAGLEBURGMANN INDUSTRIES LP** (sued individually and as successor-in-interest to BURGMANN PACKINGS AMERICA, INC. f/k/a BURGMANN SEALS AMERICA, INC., successor-in-interest to BURGMANN SEALS AMERICA, INC.), a Delaware Corporation with its principal place of business in the State of Texas; **ELLIOTT COMPANY** (sued individually and as successor-in-interest to ELLIOTT TURBO MACHINERY COMPANY, INC.), a Delaware Corporation with its principal place of business in the State of Pennsylvania; **FLOWSERVE US, INC.** (sued individually and as successor-in-interest to EDWARD VALVES), a Delaware Corporation with its principal | **Case No. 3:21-cv-0038** |

| | |
|---|---|
| place of business in the State of Texas; **FMC CORPORATION** (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY and as successor-in-interest to J.S. COFFIN PUMP COMPANY), a Delaware Corporation with its principal place of business in the State of Pennsylvania; **FOSTER WHEELER ENERGY CORPORATION**, a Delaware Corporation with its principal place of business in the State of New Jersey; **FOSTER WHEELER LLC**, a Delaware Corporation with its principal place of business in the State of New Jersey; **GENERAL ELECTRIC COMPANY**, a New York Corporation with its principal place of business in the State of Massachusetts; **GOULDS PUMPS LLC** *f/k/a* **GOULDS PUMPS INCORPORATED**, a Delaware Corporation with its principal place of business in the State of New York; **HESS OIL VIRGIN ISLAND CORP.**, a U.S. Virgin Islands Corporation with is principal place of business in New York; **HESS CORPORATION**, a Delaware Corporation with its principal place of business in the State of New York; **HESS OIL NEW YORK CORP.**, a New York Corporation with its principal place of business in the State of New York; **OVERSEAS SHIPHOLDING GROUP, INC.**, a Delaware Corporation with its principal place of business in the State of Florida; **PARKER-HANNIFIN CORPORATION** (sued individually and as successor-in interest to SACOMA-SIERRA, INC.), an Ohio Corporation with its principal place of business in the State of Ohio; **VIACOMCBS INC.** (*f/k/a* CBS CORPORATION, *f/k/a* VIACOM, INC. successor-by-merger with CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION), a Delaware Corporation with its principal place of business in the State of New York,      **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **MEMORANDUM OPINION**

**MOLLOY, Chief Judge.**

**BEFORE THE COURT** are Plaintiff's motions to remand. (ECF Nos. 37 and 42.) For the reasons stated below, the Court will grant the motion and remand this action to the Superior Court of the Virgin Islands.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter comes before the Court as a wrongful death and survival action against Overseas Shipholding Group, Inc. ("OSG") and eighteen other defendants. Plaintiff Carmela Susino ("Plaintiff") is the daughter of decedent Luciano Susino ("Mr. Susino"), and the representative of his estate and beneficiaries. *See* ECF No. 1-1*.*

Plaintiff alleges that Mr. Susino was exposed to asbestos while serving as a seaman from approximately 1978 to 1980 aboard vessels owned, operated, and/or managed by OSG, including while such vessels were docked at the Hess Oil Virgin Islands Corp refinery on St. Croix, Virgin Islands. *Id.* at 10. Following a medical examination on February 28, 2017, Mr. Susino was diagnosed with malignant mesothelioma. *See id.* at 21. Sadly, Mr. Susino died of mesothelioma on March 5, 2018. *See id.* at 8. Plaintiff alleges that his death was the result of exposure to asbestos containing products controlled by the defendants. *See id.* at 8.

On March 5, 2021, Ms. Susino, on her own behalf, and on behalf of the estate of the Decedent, Mr. Susino, and his beneficiaries, commenced a civil action against OSG, HONX, Inc. and sixteen other defendants (collectively "Defendants"). *See id.* at 1-3. The Complaint organizes the numerous Defendants by placing them in different group classifications, namely: Manufacturer Defendants, Equipment Defendants, Boiler Defendants, and Premises Defendants. [1] *See id.* at 4-8. The six-count complaint alleges: negligence against

---

[1] 3M Company; A.W. Chesterton Company; Eagleburgmann Industries, Inc.; and Parker-Hannifin Corporation are being sued as Manufacturer Defendants. *See id.* at 4-8. Air & Liquid Systems Corporation; Crane Co.; Elliott Company; FMC Corporation; Flowserve Us, Inc.; General Electric Company; and Goulds Pumps LLC are being sued as Equipment Defendants. *See id.* at 4-6. Foster Wheeler Energy Corporation; Foster Wheeler LLC; and ViacomCBS, Inc. are being sued as Boiler Defendants. *See id.* at 5-7. Hess Oil Virgin Islands Corp; Hess Corp; and Hess Oil New York Corp. are being sued as Premise Defendants. *See id.* at 6. Overseas Shipholding Group, Inc. is being sued as a Jones Act/Maritime Employer Defendant. *See id.*

Equipment Defendants (Count One); strict liability[2] (Count Two); negligence against Premises Defendants (Count Three); violations of Title 46 U.S.C. § 30104 (the "Jones Act") (Count Four); violations of general maritime law (Count Five); and loss of consortium premised on the allegations in Counts One through Five. *See id.* at 11-29. Plaintiff also asserts claims for wrongful death and survival and seek punitive damages *See id.* at 29-30.

Defendant 3M Company ("3M") removed the case to this Court on April 23, 2021, on the bases of diversity jurisdiction and federal question jurisdiction, asserting that Counts Four and Five allege violations of federal law, and thus, argues that the Court has original jurisdiction over the matter.[3] *See* ECF No. 1 at 4.

Plaintiffs filed the instant Motion for Remand on May 28, 2021, arguing that neither of the asserted grounds for federal subject matter jurisdiction are valid, and that a procedural defect in removal necessitates remand. *See* ECF No. 42. Initially, all appearing defendants stated that they did not intend to oppose remand. *See* ECF No. 81. At the Status Conference held before the Magistrate Judge on July 15, 2021, OSG asserted that the Court has jurisdiction over the matter under 28 U.S.C. § 1334(b), as this matter is "related to" its prior bankruptcy reorganization. *See* ECF No. 99 at 1. On July 16, 2021, the Magistrate Judge ordered all defendants to file an opposition to the Motion to Remand, or a statement that they do not oppose remand, support of this new basis for jurisdiction, and permitted Plaintiff additional time to supplement their Motion and reply to OSG's Opposition. *See* ECF No. 81.[4]

OSG filed its opposition to Plaintiff's Motion to Remand on July 30, 2021, advancing bankruptcy as a ground for removal pursuant to § 1334(b). *See* ECF No. 95.[5] Plaintiff filed

---

[2] This Count does not apply to OSG or the Premises Defendants.

[3] 3M company was dismissed as a party on March 18, 2022. *See* ECF No. 101.

[4] Ten defendants filed statements asserting that they had no objection to remand: (1) Air & Liquid Systems, (2) Crane Co., (3) Engleburgmann Industriers, Inc., (4) Engleburgmann Industries LP, (5) General Electric Co., (6) Flowserve US, Inc, (7) Foster Wheeler, LLC, (8) Foster Wheeler Energy Corporation, (9) FMC Corporation, (10) ViacomCBS, Inc. *See* ECF Nos. 85, 86, 87, 88, 89, 90,91, 92, 97

[5] Hess Oil New York Corp and Hess Corporation joined in OSG's Opposition on July 30, 2023. *See* ECF No. 96.

the Supplement to Their Motion for Remand and Response to Defendants' Filings Concerning Federal Jurisdiction on August 16, 2021. *See* ECF No. 99. Plaintiff concedes that the Court may otherwise exercise jurisdiction pursuant to § 1334(b) but argues that removal on the basis of bankruptcy is untimely, and that OSG cannot amend the notice of removal to add an entirely new basis for jurisdiction at this late hour. *See id.* at 2. Plaintiff otherwise requests that the Court remand the action on equitable grounds. *See id.* at 4.

On May 12, 2022, HONX, Inc.—formerly known as Hess Oil New York Corp. and/or as Hess Oil Virgin Islands Corp.— filed its Suggestion of Bankruptcy for HONX, Inc. and Notice of Automatic Stay of Proceedings. *See* ECF No 102. The filing states that on April 28, 2022, HONX, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas. (ECF No. 102 at 1.) HONX, Inc. further asserts that pursuant to 11 U.S.C. § 362(a), the Chapter 11 filing gives rise to an automatic stay of "the commencement or continuation of any judicial, administrative, or other action or proceeding against [HONX, Inc.] that was or could have been commenced before the commencement of the Chapter 11 Case." *Id.* On March 13, 2023, Plaintiff filed a Request for Ruling on Remand, asserting that a ruling on the remand would not violate the automatic stays related to bankruptcy proceedings affecting this matter.[6]

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a State or Territorial court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Congress has granted federal courts original jurisdiction over cases involving a federal question, 28 U.S.C. § 1331; cases between "citizens of different states", or "citizens of a State and citizens or subjects of a foreign state," in which

---

[6] Plaintiff cites to the recent decision in *Theodore v. Hess Corporation*, et al., Civ. No.: 1:21-cv-00178 (D.V.I. December 14, 2022) (ECF No. 81), in which Judge Wilma A. Lewis of the Division of St. Croix remanded an action to the Superior Court for lack of subject matter jurisdiction notwithstanding an automatic bankruptcy stay. The Memorandum Opinion and Order cited does not discuss the effect of bankruptcy stays on motions to remand. *See id.* However, the opinion cites to a related opinion entered in *McNamara v. Hess Corp.*, Civ. No.: 1:20-cv-0060, 2022 U.S. Dist. LEXIS 223220 (D.V.I. Dec. 12, 2022), which provides a thorough analysis of such motions to remand.

the amount in controversy exceeds $75,000, 28 U.S.C. § 1332; and cases involving admiralty or maritime disputes, 28 U.S.C. § 1333. A defendant seeking to remove a civil action from state court must file a notice of removal within 30 days of being served "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

A plaintiff may seek to remand the action back to state court for lack of subject matter jurisdiction or any defect in removal procedure. *See* 28 U.S.C. § 1447(c). Furthermore "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). As federal courts are of limited jurisdiction, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. ANALYSIS

#### A. Effect of Automatic Bankruptcy Stay on Motions to Remand

Although no party has explicitly asserted such argument, the Court will first address whether the automatic stay of proceedings, applicable here pursuant to section 362(a) of the Bankruptcy Code, bars the Court from addressing the instant motion to remand.

Bankruptcy proceedings trigger the automatic stay provision of section 362(a) barring the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the [bankruptcy ] case . . . ." 11 U.S.C. § 362(a). This provision offers debtors a "'breathing spell' from creditors by stopping all collection efforts." *Olick v. Northampton Cty. Tax Claim Bureau (In re Olick)*, 504 F. App'x 189, 193 (3d Cir. 2012) (quoting *Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)).

Recently, a case in the Division of St. Croix of the District Court of the Virgin Islands addressed whether the issue of remand constitutes a "continuation of the action" pursuant

to 11 U.S.C. § 362(a). At issue was the bankruptcy stay triggered by HONX, Inc.'s bankruptcy petition. *See McNamara v. Hess Corp.*, Civil Action No. 2020-0060, 2022 U.S. Dist. LEXIS 223220, at *11-14 (D.V.I. Dec. 12, 2022). Reasoning that remanding an action to state court does not require the court to address the merits of the case, the court found that a remand did not constitute a prohibited continuation of proceedings under § 362. *See id.* at *12-13. The court further found that remanding an action "does not affect [the Defendant's] financial status, assets, or creditors' standing in the bankruptcy proceeding which the automatic stay is designed to protect." *Id.* at 13. The court therefore found it was permitted to address the motion to remand notwithstanding the bankruptcy stay. *See id.*

This conclusion is consistent with holdings across the circuits, where courts have concluded that remands do not violate the automatic stay provision triggered by bankruptcy filings. *See Schaffer v. Atl. Broad. of Lindwood NJ Ltd. Liab. Co.*, Civil No. 10-5449, 2011 U.S. Dist. LEXIS 53255, 2011 WL 1884734, at *13 (D.N.J. May 17, 2011) ("[T]he Court finds that remand of this matter to the Superior Court of New Jersey does not violate 11 U.S.C. § 362."); *Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Va. 2014) ("[A] remand pursuant to 28 U.S.C. § 1441 does not constitute 'commencement or continuation' of an action."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 63 (9th Cir. 2011) ("[A] decision remanding to the district court with instructions to remand to the state court for lack of jurisdiction is not a prohibited 'continuation' of the action under § 362."); *Cnty. of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992) ("The subsequent bankruptcy filing and resulting stay under section 362 of the Bankruptcy Code, 11 U.S.C. § 362, do not prevent this court from remanding an improperly removed action.").

Here, the proceedings are stayed by the bankruptcy petitions of both OSG and HONX, Inc, which bar the commencement or continuation of proceedings against these defendants. However, the instant motion is a motion for remand, which, as described above, does not require the Court to reach the merits of the case. Rather, a motion to remand asks the Court if it is permitted by Congress to make any conclusions regarding the merits of the case. The Court further agrees with the wealth of guidance from our sister courts, finding that motions to remand do not run contrary the underlying purpose of the

bankruptcy stay. Motions to remand do not disturb a petitioner's "breathing spell," or otherwise affect a defendant's financial status. Accordingly, the Court will proceed on this motion for remand.

### B. Whether this Court has Subject Matter Jurisdiction

*i. Bankruptcy Jurisdiction*

In its Opposition to Plaintiff's Motion to Remand, OSG argues that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1452(a), which provides for removal of claims "related to" bankruptcy cases, as well as 28 U.S.C. § 1334(b), which provides that federal courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." (ECF No. 95 at 1); 28 U.S.C. § 1452; 28 U.S.C. § 1334(b). Plaintiff concedes that § 1334(b) provides a valid basis for removal. *See* ECF No. 99 at 2. Plaintiff argues, however, that removal on the basis of bankruptcy jurisdiction is untimely, and OSG cannot otherwise assert a new ground for removal at this time. *See id.*

Generally, a defendant seeking to remove a civil action from state court must file a notice of removal within 30 days of being served "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). During this 30-day period, a defendant may freely amend the notice of removal. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.13 (3d Cir. 2003). Thereafter, defendants must seek leave from the court to any amendments that may only "clarify (or correct technical deficiencies in) the allegations already contained in the original notice." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014) (quoting *USX Corp.*, 345 F.3d at 205 n.12.); *see* 28 U.S.C. § 1653. Amendments may not correct fundamental defects nor assert new grounds for removal. *See SmithKline,* 769 F.3d at 214; *cf. Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (opining that while courts may amend defective allegations of jurisdiction under 28 U.S.C. § 1653, they may not "produce jurisdiction where none actually existed before"); *Kovach v. Coventry Health Care, Inc.*, No. 02:10-cv-00536, 2011 U.S. Dist. LEXIS 6953, at *14-17 (W.D. Pa. Jan. 25, 2011) (deeming waived a basis for removal raised beyond the 30-day window); *Gray v. Remley*, No. 1:03-CV-421, 2004 U.S. Dist. LEXIS 7697, at *5-6 (M.D.N.C. Apr. 30, 2004)

(refusing to permit amendment of a notice of removal to allege federal bankruptcy jurisdiction, where the original notice of removal contained no such allegations, and the time to remove had expired). Likewise, Defendants may not raise a new jurisdictional basis in an opposition to a motion to remand. *See PMC, Inc. v. Tomco Constr., Inc.*, No. 2:21-cv-13470 (BRM) (JSA), 2021 U.S. Dist. LEXIS 223306, at *10-11 (D.N.J. Nov. 18, 2021) ("[A] defendant may not add an entirely new basis for this Court's removal jurisdiction by raising it only in an opposition brief filed more than thirty days after removal."); *Rehman v. Basic Moving, No. Civ. A. 09-248*, 2009 U.S. Dist. LEXIS 41281, 2009 WL 1392149 (W.D. Pa. May 15, 2009) (finding that an argument which raised a "new and independent ground for removal" in response to a motion to remand did not have merit); *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) ("A defendant cannot argue a new substantive ground as a basis for removal in opposing remand.")

In its opposition to Plaintiff's motion to remand, OSG does not seek leave to amend the notice of removal but asserts bankruptcy as grounds for jurisdiction in its opposition, nonetheless. *See* ECF No. 95. However, even if OSG sought to amend the notice of removal to include bankruptcy jurisdiction as grounds for removal it would be far too late to do so at this time. The notice of removal filed by 3M on April 23, 2021, avers that this Court has jurisdiction on the bases of diversity jurisdiction and federal question jurisdiction, asserting that Counts Four and Five allege violations of federal law. *See* ECF No. 1 at 4. Bankruptcy jurisdiction was not asserted therein. *See id.* OSG had until May 23, 2021, to amend the notice of removal to assert these new substantive grounds. However, OSG failed do so. Accordingly the Court finds that this untimely assertion of bankruptcy jurisdiction lacks merit, and removal is not proper on these grounds.[7]

*ii. Diversity Jurisdiction*

Diversity jurisdiction generally requires "complete diversity between all plaintiffs and all defendants." *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015).

---

[7] On May 17, 2023, OSG filed a renewed opposition to Plaintiff's motion to remand. *See* ECF No. 112. OSG reasserts its arguments that jurisdiction is proper under §§ 1334(b) and 1452(a). *See id.* at 1. This argument remains moot, as the assertion of bankruptcy jurisdiction was grossly untimely, and otherwise procedurally improper.

Where, as here, an action involves citizens of a State and citizens of a foreign state, 28 U.S.C. § 1332(a)(2) outlines the circumstances under which diversity jurisdiction may be established. In pertinent part, 28 U.S.C. § 1332 provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> …
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

The Third Circuit has explained that § 1332(a)(2) "only grants jurisdiction in cases between aliens and citizens." *Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997). "Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole." *Id*. In other words, "the presence of aliens on both sides of a civil action in which U.S. citizens appear on only one side destroys otherwise good alienage jurisdiction." *Virgin Diving, LLC et al. v. Blake*, 2018 U.S. Dist. LEXIS 164971, at *9-10.

Here, the parties to not dispute that Plaintiff, filing suit on her own behalf and on behalf of the Estate of Mr. Luciano and all other statutory beneficiaries of Mr. Luciano's Estate, is considered an Italian foreign national, and therefore is a citizen of a foreign state. Thus, the Court must determine whether any defendant is also an alien for diversity purposes. If one or more defendants are citizens of a foreign state, complete diversity does not exist, and the Court does not have jurisdiction based on diversity of citizenship.

The rules for determining citizenship for purposes of diversity jurisdiction are well established. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A natural person is deemed a citizen of the state in which she is domiciled. *See id.* A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). A limited liability company is deemed a citizen of all the states of its

members. *See Zambelli*, 519 F.3d at 420. "The party asserting diversity jurisdiction bears the burden of proof." *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Id.*

A court evaluating a challenge to diversity jurisdiction "must determine whether the challenge is a facial attack or a factual attack." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the [notice of removal], and it requires the court to consider the allegations as . . . true." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)) (alterations in original). Conversely, a factual attack challenges "the factual allegations underlying the assertion of jurisdiction, and involves the presentation of competing facts." *Id.* When resolving a factual challenge, courts may consider evidence outside of the pleadings and/or notice of removal. *See GBForefront*, 888 F.3d at 35 (quoting Aichele, 757 F.3d at 358). Here, Plaintiffs assert a factual challenge to diversity jurisdiction, therefore the Court may consider external evidence.

In both Plaintiff's Complaint and the Notice of Removal, the parties aver that Foster Wheeler, LLC is a Delaware corporation with its principal place of business in the State of New Jersey. *See* ECF No. 1 at 8; ECF No. 1-1 at 5. Plaintiff now challenges this averment, stating that her previous allegations of citizenship were incorrect, and arguing instead that Foster Wheeler LLC is a citizen of England, Wales, and/or Scotland. *See* ECF No. 40 at 7.

Of course, the place of incorporation and the principal place of business of a limited liability company are irrelevant for purposes of determining the citizenship of that company. Plaintiff initially notes that Foster Wheeler LLC is a limited liability company, citing its name as evidence, and assert that its citizenship is that of all of its members. *See* ECF No. 6. However, Foster Wheeler failed to file a disclosure of its ownership. *See id.* at 7. Plaintiff thus adduced Foster Wheeler's citizenship based on the LLC's filings in other actions. Plaintiff first directs the Court to the Corporate Disclosure Statement filed in

*Waugh v. Viacom CBS, Inc.*, No. 3:21-cv-00145 (D. Conn. Feb. 10, 2021), in which Foster Wheeler stated that it is "a wholly-owned indirect subsidiary of John Wood Group plc (Scotland), a publicly traded company owning 10% or more of Foster Wheeler LLC's stock." *See* ECF No. 40 at 7; ECF No. 40-1 at 2. Plaintiff next cites to the Notice of Interested Parties filed in *Payne et al. v. ABB, Inc. et al.*, No. 2:20-cv-01198 (E.D. Cal. July 16, 2020), which provides that Foster Wheeler is "a wholly-owned, indirect subsidiary of Amec Foster Wheeler plc, a publicly traded company." *See* ECF No. 40 at 7; ECF No. 40-2 at 3. Plaintiffs aver that Amec Foster Wheeler plc is "a company organized under the laws of England and Wales, with its principal place of business in England." *See* ECF No. 40 at 7 (quoting *Amec Foster Wheeler plc v. Enterprise Prods. Operation, LLC,* 631 S.W.3d 147, 151 (Tex. App. 2020).[8]

The Court has verified that the proffered exhibits were filed in the referenced cases. The Court further notes that the corporate disclosure statement in *Waugh* was filed on February 10, 2021, not even three months before the instant matter was removed to federal court on April 23, 2021. *See* ECF No. 40-1. Furthermore, no defendant has attempted to meet its burden to prove diversity jurisdiction by a preponderance of the evidence. To the contrary, Foster Wheeler filed a notice stating that "it does not oppose remand of this case to the Superior Court of the Virgin Islands." *See* ECF No. 85.

At minimum, these un-rebutted exhibits present compelling evidence that Foster Wheeler was a citizen of a foreign state at the time of removal, destroying diversity jurisdiction. However, even if the evidence is not sufficient to prove foreign citizenship, it certainly raises significant doubts as to whether Foster Wheeler is a citizen of Delaware and/or New Jersey. The Court further notes that there is presently no way to ascertain all of Foster Wheeler's citizenships, as they have failed to provide the Court a disclosure of ownership disclosing the identity of all members within the LLC and detailing the citizenship of such members. Considering that all doubts as to jurisdiction should be

---

[8] Plaintiffs further stated that the 2020 Annual Report of John Wood plc states that "[s]ome of Amec Foster Wheeler's US subsidiaries are defendants in numerous asbestos-related lawsuits. It is unclear how this argument supports their motion for remand.

resolved in favor of remand, the doubts raised by Plaintiffs' motion and the accompanying exhibits require the Court to remand on these grounds. Accordingly, diversity jurisdiction does not exist here, and thus, removal on this ground is improper.

### iii. Admiralty Jurisdiction

3M additionally alleges in its notice of removal that the action is properly removable under 28 U.S.C. § 1331, asserting that Count IV, brought under the Jones Act, 46 U.S.C. § 30104, and Count V, brought under the General Maritime Law of the United States, allege violations of federal law. *See* ECF No. 1 at 4. In their motion to remand, Plaintiff argues that claims under maritime law do not present federal questions. *See* ECF No. 40 at 5. Plaintiff further argues that she invoked the "saving to suitors" clause in her Complaint, and as a result federal question jurisdiction does not provide a basis for removal in this action. *Id.*

Under 28 U.S.C. § 1333, "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Courts interpret the "saving to suitors" clause of § 1333 to preserve the concurrent jurisdiction of state courts in admiralty actions.[9] *See Auerbach v. Tow Boat U.S.*, 303 F. Supp. 2d 538, 542 (D.N.J. 2004) (quoting *Romero v. Int'l Term. Operating Co.*, 358 U.S. 354, 372 (1959)). The Supreme Court has explained that "permitting the unfettered removal of admiralty cases to federal courts 'would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters.'" *Sea-Land Service, Inc. v. J&W Import/Export, Inc.*, 976 F. Supp. 327, 330 (D.N.J. 1997) (quoting *Romero*, 358 U.S. at 372). To that end, the Supreme Court has held that admiralty claims do not arise under federal law for the purposes of federal question jurisdiction. *See U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 390 (3d Cir. 2002) (citing *Romero*, 358 U.S. at 368-69.) "Thus, a maritime claim filed in state court may only be removed if there exists some independent basis for federal jurisdiction." *Id; see also Bardroff v. Keitech USA, LLC*, No. 2:21-15044

---

[9] This clause only applies to certain actions, such as in personam actions, "that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga v. Superior Court of Cal.*, 346 U.S. 556, 560-61 (1954). The parties do not dispute that the instant action is an in personam action.

(WJM), 2022 U.S. Dist. LEXIS 17317 (D.N.J. Jan. 31, 2022) (remanding a maritime claim filed in state court under the "saving to suitors" clause because there was no other basis for jurisdiction).

Plaintiff initiated this action in the Superior Court as a wrongful death and survival action pursuant to the saving to suitors clause. *See* ECF No. 1-1. Therefore, an independent basis for jurisdiction must exist for the cases to have been properly removed. As explained above, diversity jurisdiction does not exist in this matter. Furthermore, any alternative basis for jurisdiction asserted by OSG was untimely, and thus is deemed waived by the Court. Inasmuch as there is no diversity of citizenship or other basis for jurisdiction, removal is improper here. Accordingly, the motion to remand must be granted.

## IV. CONCLUSION

The saving to suitors clause bars the removal of this admiralty action to this Court. In addition, no defendant has demonstrated any other basis for removal. Thus, the Court will grant the instant motion and remand this action to the Superior Court of the Virgin Islands. An appropriate Order follows.

**Dated:** July 14, 2023

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**